## Case No. 13,359a.

### STENCHFIELD v. ROBINSON et al.

[2 Hask. 381.] [1]

Circuit Court, D. Maine. Feb., 1880.

PARTIES—EQUITY—EFFECT OF DECREE.

Equity courts will refuse relief, when the rights of parties who cannot be subjected to the jurisdiction of the court are so bound up in the subject matter of the suit and relief sought that a decree would afford no protection to some of the parties in court, and would not bar a future suit against them touching the same subject matter by the absent parties.

[This was a bill in equity by Anson G. Stenchfield against Edward Robinson, administrator of Nathaniel Kimball, Alexander H. Howard, and Joseph Baker.] Bill seeking to enjoin Baker from collecting from Robinson

[1] [Reported by Thomas Hawes Haskell, Esq., and here reprinted by permission.]

an unpaid balance of an execution against Kimball's estate in favor of Howard, that Baker has in his hands, and asking that Robinson may be decreed to pay the same to the orator, who claims that the amount due thereon belongs to him. Respondents assert that parties without the jurisdiction of the court claim to own the execution, and that the bill should be dismissed for want of necessary parties.

Hanno W. Gage and Sewall C. Strout, for orator.

Joseph Baker, for respondents.

FOX, District Judge. The complainant, a citizen of Massachusetts, brings this bill against the respondents, all citizens of Maine. The bill alleges that on the 23d day of July, 1863, a suit was commenced by Howard against the executrix of the last will of Kimball in the supreme court of Maine for the county of Kennebec, and that final judgment was recovered by the plaintiff for $14,723.50 on the 21st day of May, 1877, and that the execution, which issued on the judgment, is now in the hands of Baker.

The complainant further charges that, during the pendency of said suit, certain agreements were entered into between him and Howard and one Matilda K. Page in relation thereto, whereby for good and valuable considerations between them, it was stipulated and agreed that the amount of such judgment as should be rendered in the suit should be divided between them in the proportion of one-third to each, as set out in a memorandum in the hand writing of Howard, annexed to this bill as Exhibit A; and that by virtue of said agreement a trust was created in behalf of the complainant for one-third of said judgment, $4.907.85 with interest from May 21st, together with his reasonable disbursements in the cause and other causes amounting to $359.23, and that due demand has been made therefor; that on June 27th, Robinson paid over to Baker the proportion to which Howard and Matilda K. Page were entitled, and that Howard does not make any further claim to said execution.

It is also averred that Matilda K. Page long since deceased, and that Samuel Kidder and Henry R. Page, of Lowell, and citizens of Massachusetts, were duly appointed her executors, and that complainant is informed they have received the proportion of said judgment to which they as executors of M. K. Page are entitled, and that he is informed and believes that the time fixed by the statutes of Massachusetts within which action can be brought against said executors has long since elapsed, by reason of which he is advised they are not necessary parties to this suit.

It is also averred that after verdict was rendered in said cause for the plaintiff, at the request of Howard. the complainant consented that Jos. Baker might be employed as an attorney in said cause, and thereby became acquainted with the complainant's interest in the demand, and that he has since caused certain suits to be instituted against the complainant in Kennebec county, and caused said Robinson to be summoned therein as his trustee. Certain interrogatories are propounded to said Howard, and an injunction is asked to restrain Howard and Baker from collecting complainant's third of the judgment, and that Baker may be decreed to deliver up the execution to the complainant, and that Robinson, as administrator, be required to pay the complainant his one-third interest in Robinson's hands in trust for complainant.

Exhibit A, which is without date, is as follows: "The proceeds of the suit now pending in the Supreme Judicial Court of Augusta, A. H. Howard v. Julia Kimball, Ex., are to be divided as follows, viz.: One-third is to be paid to M. K. Page, one-third to A. G. Stenchfield and one-third to Peter Atherton, except the claim for primage, and in that the said M. K. Page is to have no interest, that claim amounting in all to about $900, being for money advanced by Mr. Howard to Capt. Kimball to be paid over to Capt. Ryan, but not accounted for."

It appears Howard had this large claim against Kimball's estate which Stenchfield was employed to collect; that a suit was commenced by him and he afterwards removed to Massachusetts; that subsequently Howard on the seventh of March, 1868, assigned to Matilda K. Page, whose husband was originally the party to whom the Kimball debt was due, two-thirds of the demand on condition of her defraying all expenses; that afterwards, in May, 1870, a written agreement was entered into by Mrs. Page with Stenchfield, by which he was to recover for his services and fees, one-half of the amount which Mrs. Page should receive, together with the costs collected of defendant.

Two-thirds of the execution have been collected, but no part of this has been paid to complainant, and one question, here presented is, whether Mrs. Page should. from her third, pay the charges of the additional counsel, Baker and J. S. Abbott, who had been employed in the case. or whether they are in whole or in part to be borne by complainant. But underlying this is a still more important matter, not suggested by either party, but which cannot escape the attention of the court, and that is whether the contract between Mrs. Page and the complainant, whether it was as is claimed by him in his bill, or as it appears in the instrument executed by him and Mrs. Page jointly on May 20, 1870, is or not an utter nullity, wholly void in law for champerty and maintenance; or if not utterly void, is so unfair and extortionate, that it can not be allowed to prevail, excepting as security for a reasonable compensation for complainant's actual services.

The only parties interested in this contract,

whatever it may have been, are the complainant and Mrs. Page's executors, the latter of whom have not appeared and been heard and are not represented before the court. If the contract is to be construed by the court, and its legal effect determined, these parties should both be present, with an opportunity for them to present their respective allegations, produce whatever evidence they may have, and by their arguments advise the court as to the validity of their respective claims. To some extent this has been done by the complainant; but no one has appeared in behalf of Mrs. Page's executors, and the court is in no manner advised as to what they may claim the contract and agreement to have been between Mrs. Page and the complainant, or as to the validity and effect of such a contract. All that is brought to the knowledge of the court is, that Mrs. Page once was entitled to two-thirds of the amount collected from this demand; that some contract was afterwards made between her and the complainant respecting his services as an attorney in prosecuting this claim, the terms of which are uncertain, and that two of the respondents by their pleadings insist that Mrs. Page's executors are the parties who are interested in contesting this claim of complainant's, and that they should be parties to this proceeding, and have their rights to this fund determined, so that the respondents may be protected, not only against any claim of the complainant, but also from any subsequent litigation which may hereafter arise with the estate of Mrs. Page; for it is very manifest that the executors of Mrs. Page, not being parties to this proceeding, will not be bound by any decree which may be rendered herein, but may afterwards enforce their claims against Baker and the execution debtor, without in any way being affected by any judgment here rendered.

Baker is a mere stake-holder of the execution, professing himself ready to deliver it to any party legally authorized to receive it; and Robinson is the judgment debtor, ready and desirous to pay the balance to any one who may be entitled to it, and who can give him such a discharge as will protect him as administrator.

Can this court, as the case now stands, by its decree thus protect these parties against the demands of a stranger, whose claims, as they are now disclosed to the court, are certainly not entirely without foundation? If it should hereafter be determined that the agreement between Mrs. Page and the complainant was in violation of law, and could not be sanctioned by any court, what defense could either Baker or Robinson interpose in a suit hereafter instituted by the executors of Mrs. Page? The decree in this case would, in the opinion of the court, be entirely res inter alios, not admissible in evidence, and would afford no defense in such further controversy.

A good deal of stress is laid by complainant on the suggestion that there has been a division of the amount of the judgment between these parties, and that a fixed and definite amount has been apportioned and set apart for the complainant. The only evidence in support of this idea is the memorandum, Exhibit A, annexed to the bill, and which was sent by Howard to this complainant. This, at most, can have no other effect than an acknowledgment by Howard of his understanding of the agreement between complainant and Mrs. Page, which, even as against Howard, would be open to explanation, and would not be in any sense conclusive, but which in no respect whatever can affect the rights of Mrs. Page.

It is contended that this bill may be sustained by force of Rev. St. § 737, which authorizes in some cases the court to assume jurisdiction when some of the defendants are not within the district, and proceed to adjudicate upon the rights of the parties who are properly before the court, the parties not within the jurisdiction not to be prejudiced by any such decree. This section was a reenactment of the act of 1839, c. 36 [5 Stat. 321], and has been frequently under the consideration of the supreme court; and in Shields v. Barrow, 17 How. [58 U. S.] 141, it was declared that so far as it touches suits in equity, it was no more than a legislative affirmance of the rule previously established.

"The act says it shall be lawful for the court to entertain jurisdiction; but, as observed by this court in Mallow v. Hinde, 12 Wheat. [25 U. S.] 198, when speaking of a case where an indispensable party was not before the court, 'we do not put this case upon the ground of jurisdiction, but upon a much broader ground, which must equally apply to all courts of equity whatever may be their structure as to jurisdiction; we put it on the ground that no court can adjudicate directly upon a person's right without the party being actually or constructively before the court.'

"So that, while this act removed any difficulty as to jurisdiction between competent parties, regularly served with process, it does not attempt to displace that principle of jurisprudence on which the court rested the case last mentioned. * * * It remains true, notwithstanding the act of congress and the 47th rule, that a circuit court can make no decree affecting the rights of an absent person, and can make no decree between the parties before it, which so far involves or depends upon the rights of an absent person, that complete and final justice cannot be done between the parties to the suit without affecting those rights."

In Barney v. Baltimore, 6 Wall. [73 U. S.] 284, Miller, J., says: "There is a class of persons having such relation to the matter in controversy, merely formal or otherwise, that while they may be called proper parties, the court will take no account of the omission to make them parties. There is another class of persons whose relations to the suit are

such, that if their interest and their absence are formally brought to the attention of the court, it will require them to be made parties if within its jurisdiction, before deciding the case; but, if this cannot be done, it will proceed to administer such relief as may be in its power between the parties before it. And there is a third class, whose interest in the subject matter of the suit and in the relief sought are so bound up with that of the other parties, that their legal presence as parties to the proceedings is an absolute necessity, without which the court cannot proceed. In such cases, the court refuses to entertain the suit, when these parties cannot be subjected to its jurisdiction."

In the opinion of the court, the present case falls within this third class, as neither of the respondents could defend themselves against a suit in behalf of Mrs. Page's executors, under any decree which might be given in the present case.

Reference is also made by complainant's counsel to section 738, Rev. St. A sufficient reply to this suggestion is, that complainant has in no respect availed himself of the provisions of this section, by procuring an order directing the executors of Mrs. Page to appear and become parties to this suit. Although two years had elapsed after the appointment of Mrs. Page's executors and prior to the commencement of this suit, it does not appear that when this suit was instituted they could have availed themselves of lapse of time in defence of the action.

The result therefore is that, the executors of Mrs. Page being necessary parties to this controversy, and not having become parties thereto, the bill must be dismissed without prejudice. In thus disposing of the case, it is a satisfaction to the court to feel assured that the complainant may at once avail himself of a choice of other remedies, by which his legal rights may be ascertained and determined without any great delay.

Bill dismissed for want of parties, with costs, but without prejudice.