Cheshire, }
March 6, 1906. }

MOORE v. MARYLAND CASUALTY CO. & a.

Where a judgment rendered in an action for personal injuries is uncollect-able by reason of the defendant's insolvency, the plaintiff cannot maintain a bill in equity against an insurance company to compel the payment to him of money due upon a liability policy held by the judgment debtor, unless the latter is made a party to the subsequent proceeding so as to be concluded by the decree therein.

BILL IN EQUITY, praying that the Casualty Company be ordered to pay to the plaintiff the amount for which it is liable under its contract of indemnity with the Marlborough Street Railway Company, a Massachusetts corporation. The bill alleges that the plaintiff, an employee of the latter company, was accidentally injured on June 28, 1902, while attending to his duties; that said contract or policy of indemnity was then in force and covered the liability of the railway for the damages he then suffered; that he subsequently recovered judgment for such damages in an action against the railway prosecuted in Massachusetts, the Casualty Company assuming the defence of the suit in the name of the railway; that afterward a receiver was duly appointed in Massachusetts for the railway, which is insolvent and unable to pay the plaintiff's judgment; and that the Casualty Company has not paid either to the railway or to the plaintiff the amount of the indemnity due under the contract. The receiver is named as a defendant, but no service of the bill has been made upon him in this state, nor does he or the railway appear as party to the bill. The Casualty Company, appearing specially, moved that the bill be dismissed for want of jurisdiction. The motion was granted, and the plaintiff excepted. Transferred from the April term, 1905, of the superior court by *Wallace*, C. J.

*Cain & Benton*, for the plaintiff.

*Burnham, Brown, Jones & Warren*, for the defendants.

WALKER, J. The plaintiff seeks a decree ordering the Casualty Company to perform its contract with the Railway Company, which is not a party to the suit, by the payment to him of the money it agreed to pay the railway, upon the ground that as against the parties to the contract, and in view of the insolvency of the railway, he is equitably entitled to the money due under the contract.

The plaintiff was not a party to the contract, and whatever interest he has therein under the circumstances is equitable, not legal. If he is entitled to maintain a bill in equity for the money (*Sanders* v. *Insurance Co.*, 72 N. H. 485), it cannot be denied that upon the same state of facts the railway, or its receiver, could maintain a suit for the recovery of the same fund, or that payment to the receiver would be an effectual bar to the plaintiff's suit against the Casualty Company. Upon the view most favorable to the plaintiff, his right of action against the objecting defendant is concurrent with that of the railway, and both arise from the same contract, are supported by the same facts, and would result in the same judgment for the sum stipulated in the contract. So far as the Casualty Company is concerned, their interests are not separable; and it would seem that a judgment against it in favor of one ought to be a bar to another suit against it for the same cause in favor of the other. Its equity to be thus protected is as great as the plaintiff's equity to be reimbursed for his injuries. If the plaintiff should obtain a judgment in this suit, it would not be a bar to another suit for the same cause by the receiver against the defendant in this or some other jurisdiction. Payment by the defendant to the plaintiff of the amount claimed might or might not be deemed to be equivalent to a payment to the receiver. But however that might be, it is clear a judgment *in personam* for the plaintiff here would not bind the receiver; and if he is not thus bound, the defendant is not protected against the legal liability of a judgment against it in favor of the receiver. The decree sought is based upon the theory of adjudicating the rights of a party to the contract, who is not a party to the suit. "Equity courts will refuse relief when the rights of parties who cannot be subjected to the jurisdiction of the court are so bound up in the subject-matter of the suit and relief sought that a decree would afford no protection to some of the parties in court, and would not bar a future suit against them touching the same subject-matter by the absent parties." *Stenchfield* v. *Robinson*, 22 Fed. Cas. 1246. As was said by the court in *Mallow* v. *Hinde*, 12 Wheat. 193, 198: "We do not put this case upon the ground of jurisdiction, but upon a much broader ground, which must equally apply to all courts of equity, whatever may be their structure as to jurisdiction. We put it on the ground that no court can adjudicate directly upon a person's right, without the party being either actually or constructively before the court." See, also, *Busby* v. *Littlefield*, 31 N. H. 193, 198; *Burnham* v. *Kempton*, 37 N. H. 485; *Champollion* v. *Corbin*, 71 N. H. 78, 82; *Westminster Bank* v. *Electrical Works*, ante, p. 465; *Scribner* v. *Adams*, 73 Me. 541, 551; *Gregory* v. *Stetson*, 133 U. S. 579; *California* v. *Railway*,

157 U. S. 229; Sto. Eq. Pl., *s.* 81; Fletch. Eq. Pl. & Pr., *s.* 21; Van Zile Eq. Pl. & Pr., *s.* 50.

The fact that a creditor may obtain judgment against a single partner when the others are out of the jurisdiction (*Towle* v. *Pierce*, 12 Met. 329), or against some of the stockholders of a corporation, under a statute creating the liability, when all of them are not before the court (*Erickson* v. *Nesmith*, 46 N. H. 371), furnishes no reason by analogy for the proposition that a personal judgment can be ordered against a debtor under a simple contract when the other party to the contract is not in court and has not authorized the plaintiff to represent him in such a way that he would become bound by the judgment.

Nor does the recent decision in *Kidd* v. *Traction Co.*, 72 N. H. 273, support that contention. It was there claimed as a fact that the Traction Company, a domestic corporation and a party to the suit, by fraud had obtained possession of all the assets of another corporation, incorporated in another state, which was not a party to the suit, and it was said (*p.* 285) that "such right of action of the corporation against the pleader, a domestic corporation which has been duly served with process and appeared in the suit, is property within the jurisdiction of this state," sufficient to bind it by a judgment *in rem* in favor of creditors or complaining stockholders. Its property, which equitably belonged to the stockholders, had been wrongfully acquired by the Traction Company, and a suit for its recovery or for damages for its retention was properly held to be a property right of the foreign corporation within this jurisdiction, which was subject to adjudication here. But it does not follow that the plaintiff can maintain this suit upon a simple contract and bind an indispensable party, who is not before the court, by a judgment *in personam*, or by any judgment upon the facts reported. No right to property located within this jurisdiction is involved. This principle is fully recognized in *Kidd* v. *Traction Co.*, *supra*, 283, where it is said: "While the courts of a state have no jurisdiction to render a personal judgment against a non-resident individual or corporation not served with process within the state, their adjudication as to all property within the state is final and conclusive upon non-residents as well as residents, upon such notice as the statutes of the state require."

Assuming the truth of the plaintiff's claim that he is not seeking to prejudice the rights of the receiver, but in effect to relieve him from the payment of the plaintiff's judgment,—that a decree in favor of the plaintiff would be a benefit to, and not a burden upon, the receiver,—it does not follow that the latter would elect to ratify what the plaintiff might thus accomplish for him, or abstain from suing the defendant upon the contract the plaintiff

here sets up. To the plaintiff's argument upon this point it is a sufficient answer that the judgment he seeks would not be such a conclusive adjudication of the rights of the parties to the contract as would protect the defendant from another action by the receiver for the same cause. Speculation as to what might result if such a suit were brought after a decree for the plaintiff in this suit and payment by the defendant of the sum demanded, would not be useful upon the question of the legal effect or validity of a judgment in this suit in its relation to the parties to the contract, one of whom confessedly is not bound thereby.

In this view of the case it becomes unnecessary to consider other questions argued by counsel.

*Exception overruled.*

All concurred.